**No. 58041.**—Nicholas J. Stevason *v.* United States, protest 204267–K (New York).

MOLLISON, Judge: The merchandise the subject of this protest consists of two articles described as prayer stands imported for presentation to, and for the use of, the Community of Three Hierarchs of the Greek Orthodox Church. Entry was made under the provisions of paragraph 1774 of the free list of the Tariff Act of 1930, which, at the time of importation, read as follows:

PAR. 1774. Altars, pulpits, communion tables, baptismal fonts, shrines, or parts of any of the foregoing, and statuary (except casts of plaster of Paris, or of compositions of paper or papier-mâché), imported in good faith for presentation (without charge) to, and for the use of, any corporation or association organized and operated exclusively for religious purposes.

Free entry under the foregoing provision of law was denied by the collector solely on the ground that the prayer stands were not any of the articles specifically named in the foregoing language, nor parts thereof. They were assessed with duty at the rate of 12½ percent ad valorem under the provision in paragraph 412 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, for furniture of wood, other than chairs. The protest claim is for free entry under paragraph 1774, *supra*, as parts of shrines.

At the trial, it was established that the imported articles are ikon (or icon) prayer stands, to each of which, after importation, an ikon was securely affixed, and the complete entity was used as a unit. It was also established that no church of the Greek Orthodox faith can properly function and perform its services according to the canons of the church without the presence of ikons, which are placed in a position in the church before which all parishioners, upon entry, present themselves and pay proper reverence, and that in their function and use in that church the prayer stand, such as those in issue, is a necessary and indispensable part of the ikon.

It is clear that ikons as used in the Greek Orthodox Church are objects of religious veneration, and, as such, they are within the meaning of the term "shrines," as used in paragraph 1774, *supra*. See *C. Wildermann Co.* v. *United States*, 56 Treas. Dec. 572, T. D. 43713, for an analogous situation. As it appears that the stands here in issue were a necessary and indispensable part of such ikons and as

there is no question but that the requirements as to importation in good faith for presentation, etc., were met in this case, we hold that they are parts of shrines entitled to free entry under paragraph 1774, *supra.*

Judgment will therefore issue accordingly.