**No. 58614.**—The Gasparri Studios *v.* United States, protest 207027–K (New York).

MOLLISON, Judge: The merchandise the subject of this protest consists of a number of pieces of marble and a bronze grille which, when assembled, were

intended to and ultimately did surround and enclose a picture of the Madonna and Child, the Madonna representing the Queen of Peace, the whole being installed in the Roman Catholic Church of St. Rosalia in Brooklyn, N. Y. The imported merchandise was assessed by the collector of customs as an entirety as an article, not specially provided for, the component material of chief value of which is marble, at the rate of 25 percent ad valorem under the provisions of paragraph 232 (d) of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802.

The claim made in the protest is for free entry of the merchandise under the provision in paragraph 1774 of the said act, as in force at the time of importation, for—

* * * shrines, or parts of any of the foregoing * * * imported in good faith for presentation (without charge) to, and for the use of, any corporation or association organized and operated exclusively for religious purposes.

There is no dispute as to the facts of the matter. According to the record, the pastor and parishioners of St. Rosalia's Church, and others, made a vow to erect a shrine to the Madonna in order to obtain the grace of victorious peace for our Armed Forces during the Second World War. A group of people undertook to raise funds for the purpose, and it appears that the design which resulted included a painting of the Madonna and Child in a massive and richly ornamented setting designed to carry out the concept of the Madonna as the Queen of Peace by representing a throne. This setting, which is the imported article, has a shield on top bearing the letter "M" for Mary. Above the shield is a crown, and surrounding the shield are olive branches, the whole signifying Queen of Peace. The bronze grille as installed is opened and closed electrically, and serves not only to embellish the entire work, but also to protect two jewelled crowns from possible theft.

The entire work is installed behind and higher than the main altar and is the focal point for special devotions which are conducted regularly. It clearly appears that it forms no part of the altar.

It is the contention of the plaintiff that the painting and the imported article together form a shrine, and that, consequently, the imported article is a part of a shrine within the meaning of the term as used in the act. It is the contention of the defendant that the painting alone is the shrine, and that the marble surrounding the painting and the bronze grille protecting it merely beautify the place of the shrine but are not part of it.

We are of the opinion that decision must favor the contention of the plaintiff. As the facts are shown by the record, the shrine was designed and intended and is used as an integrated unit, the painting and marble and bronze portion complementing each other in carrying out the motif or theme of the work. The situation is very much like that which obtained in the case of *Giuseppe Tommasi Studios* v. *United States*, 1 Cust. Ct. 279, C. D. 65. There, certain marble arches and linings or pilasters, designed to be physically attached to an altar, the whole forming one unit in architectural design and expression, although not required to be included in the design of Jewish altars and not necessary for the functioning of the main part of the altar, were held to be parts of altars within the meaning of paragraph 1774, *supra*. Similarly, here, it clearly appears that the article intended, designed, and used as a shrine consisted of an integrated unit, the whole being expressive of the concept of the Queen of Peace.

We are satisfied that the imported article is properly classifiable under paragraph 1774, *supra*, as part of a shrine, and it appearing from the record that the further requirements of the paragraph with respect to importation in good faith for presentation, without charge, to, and for the use of, a corporation or organization organized and operated exclusively for religious purposes were met in this case, judgment will issue sustaining the protest claim.